IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELTON MODELIST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. H-05-1180 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Defendants' Motion for Partial Dismissal of Plaintiff's First Amended Original Complaint (Docket Entry No. 27), Defendant Michael Riddle's Motion for Summary Judgment (Docket Entry No. 34), Defendants' Motion for Summary Judgment (Docket Entry No. 39), and Plaintiff's Motion for Default Judgment (Docket Entry No. 41). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion for default judgment be **DENIED,** that Defendant Riddle's motion for summary judgment be **GRANTED**, and that Defendants Aames Funding Corporation, Countrywide Home Loans, and Deutsche Bank National Trust Company and Deutsche Bank Trust Company's motions for dismissal and/or summary judgment be **GRANTED** in part, **DENIED** in part.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 61.

## I. Case Background

On September 21, 2001, Plaintiff obtained a home equity loan from Defendant Aames Funding Corporation ("Aames") in the amount of forty thousand dollars secured by his homestead located at 5619 Lakefield, in Houston, Texas. Prior to that loan, the property was owned by Plaintiff free and clear of liens. Plaintiff alleges that the loan agreement required that the property be insured but did not require the creation of an escrow account for payment of insurance and taxes by the lender. At the time of the loan, Plaintiff agreed that he would be responsible for payment of real estate taxes and insurance premiums.

Plaintiff alleges that he made two timely payments of $365.90 on November 1 and December 1, 2001, and prepaid the January and February 2002 payments with the December 1, 2001 payment. Plaintiff claims that in March 2002, Countrywide Home Loans ("Countrywide") made demand for Plaintiff's January and February 2002 payments. Eventually, the matter was resolved, and the payments were credited by Countrywide.

Plaintiff alleges that, in July 2003, Countrywide instituted an escrow requirement on Plaintiff's loan and increased the loan repayment amount to $438.65. Plaintiff refused to pay the increased amount and continued to pay $365.90 monthly. Countrywide returned those checks to Plaintiff. In October 2003, Countrywide requested from Plaintiff proof of hazard insurance coverage.

Plaintiff provided proof that the property was insured. However, because Plaintiff refused to send monthly payments in the increased amount, the loan was referred for foreclosure in October 2003.

Defendant Deutsche Bank, acting as trustee for American Housing Trust III, initiated foreclosure proceedings against Plaintiff's property in December 2003. This foreclosure proceeding was dismissed and Plaintiff still resides at 5619 Lakefield, Houston, Texas. He has not made a payment on the loan since mid-2003.

Plaintiff filed this suit in state court against "Michael Vestal, a/k/a Deutsche Bank National Trust Company, as Trustee for Aames Funding Corporation," Aames Funding Corporation d/b/a Aames Home Loan, Michael L. Riddle and Countrywide Home Loans for breach of contract and violation of Article XVI, Section 50(a)(6), of the Texas Constitution. Defendants removed the action to this court on April 6, 2005. Plaintiff twice amended his complaint and now makes additional claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, state defamation law, and the Fourth and Fifth Amendments to the U. S. Constitution. See Docket Entry No. 23. Defendants Aames, Riddle, Deutsche Bank and Countrywide have moved for dismissal and/or summary judgment on Plaintiff's claims. Plaintiff seeks a default judgment against Michael Vestal.

**II. Motion for Default Judgment**

On May 16, 2005, the court denied Plaintiff's request that an

entry of default be entered against Michael Vestal.[2] See Docket Entry No. 6. At the August 12, 2005, scheduling conference, the court denied Vestal's motion to dismiss based on insufficient service of process, but gave Plaintiff fourteen days within which to perfect service against Vestal. See Docket Entry No. 13.

Plaintiff again has moved for default judgment against Michael Vestal.[3] Plaintiff failed to adequately support this motion with either law or fact. At the June 8, 2006, hearing before the court, Plaintiff admitted that he made no additional efforts to serve Michael Vestal after the August 2005 scheduling conference.

It is therefore **RECOMMENDED** that Plaintiff's motion for default judgment against Michael Vestal be **DENIED**, and that all claims against Michael Vestal be **DISMISSED** for want of prosecution.

## III. Legal Standards

### 1. Motion to Dismiss Standard

Defendants have moved to dismiss several of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion seeks dismissal of the complaint because it fails to state a legally cognizable claim upon which relief may be granted. Dismissal is appropriate only when it appears beyond a doubt that the plaintiff will be unable to prove any set of facts

---

[2] On May 5, 2005, Vestal averred that he had not been served with or otherwise received a summons and a copy of the complaint in this action. See Docket Entry No. 5, Ex. 1, "Declaration of Michael Vestal."

[3] Plaintiff's Motion for Default Judgment, Docket Entry No. 41.

in support of a claim for relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

When considering a Rule 12(b)(6) motion to dismiss, the court construes the allegations in the complaint liberally in favor of the pleader and accepts as true all well-pleaded facts. Herrmann Holdings Ltd. v. Lucent Tech. Inc., 302 F.3d 552, 558 (5th Cir. 2002). The court may not rely on conclusory allegations or legal conclusions disguised as factual allegations. Jeanmarie v. United States, 242 F.3d 600, 602 (5th Cir. 2001).

**2. Summary Judgment Standard**

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, 337 F.3d 539, 540-41 (5th Cir. 2003). The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).

If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving

party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence which establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist which must be resolved at trial. Id. at 324.

The nonmoving party must show more than "some metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

## IV. Analysis

Plaintiff, proceeding pro se, has made numerous allegations in various pleadings filed with the court. Defendants have moved to dismiss all his claims, those contained in his Amended Complaint and those mentioned in other pleadings.

The court starts with Plaintiff's live pleading, Docket Entry No. 23. In that pleading, Plaintiff complains that: (1) Aames failed to provide him with written notice of the transfer of his loan to Countrywide, thereby violating RESPA; (2) Countrywide breached the loan agreement by requiring insurance and taxes to be

escrowed and rejecting his payments of the original loan amount; (3) Countrywide, Aames, and Deutsche Bank attempted to wrongfully foreclose on his property in violation of the Texas Constitution, and the Fourth and Fifth Amendments to the U.S. Constitution; (4) Countrywide, Aames, and Riddle violated Article XVI, Section 50(a)(6)(Q)(10), of the Texas Constitution; and (5) Countrywide, Aames, Riddle, Deutsche Bank reported derogatory information to a consumer reporting agency causing Plaintiff to be denied a home equity loan in January 2004 and the purchase of a surety bond on March 15, 2005. In other pleadings, Plaintiff appears to seek relief under the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961, et seq., and the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code Ann. § 17.41, et seq.

**A. Michael L. Riddle's Motion for Summary Judgment**

In his motion, Riddle avers that he is a licensed attorney in the State of Texas and is a partner in a law firm that routinely prepares mortgage loan closing documents.[4] In that capacity, he was named as the initial trustee on the deed of trust for on the Modelist loan in 2001.[5]

According to Riddle, the lender had the absolute right to

[4] Defendant Riddle's Motion for Summary Judgment, Docket Entry No. 34, unnumbered attachment, "Affidavit of Michael L. Riddle," pp. 1-2.

[5] Id.

substitute another trustee under the Deed of Trust.[6] The foreclosure papers submitted by Plaintiff state that Deutsche Bank was the Trustee on the note signed by Plaintiff at the time of foreclosure and that Deutsche Bank appointed "Rex L. Kesler, Thomas E. Reder, Shawn Carter, or successor" as the substitute trustee to conduct the non-judicial foreclosure of Plaintiff's property.[7]

Riddle also declares that he had no personal involvement with closing Modelist's loan, servicing or transferring the loan from Aames to Countrywide, or attempting to foreclose on the property orchestrated by Deutsche Bank. Riddle also states that he had no communications with any credit reporting agency concerning Plaintiff.

Modelist has not rebutted these averments, but generally complains that the Deed of Trust note did not comply with state law without supplying any particulars, or even attaching the note itself.[8] Other than alleging that Riddle was the initial trustee on the deed of trust at the time the loan was closed, Plaintiff has not alleged any action by Riddle from which the court could discern a recognized theory of liability.

---

[6] Id. at p. 3. The court could not locate the Deed of Trust in any of the pleadings. If any party wishes to challenge Riddle's assertion that the Deed of Trust allowed appointment of a substitute trustee, he must attach a copy of the Deed of Trust to his objections.

[7] Plaintiff's Exhibits, Docket Entry No. 44, Ex. E, "Home Equity Foreclosure Application," p. 3.

[8] Plaintiff's Response to Motion for Summary Judgment, Docket Entry No. 40, p. 9.

Accordingly, the court does not reach Riddle's alternative argument that Section 51.007 of the Texas Property Code requires dismissal of an action brought against a trustee, individually, under a deed of trust. It is **RECOMMENDED** that Defendant Riddle's Motion for Summary Judgment be **GRANTED**.

**B. Plaintiff's RESPA Claim**

The court next turns to whether Plaintiff has stated a claim under the RESPA, 12 U.S.C. § 2601, et seq., against any defendant. RESPA was enacted to protect borrowers from certain abusive mortgage practices. See generally 12 U.S.C. § 2601. Section 2605 requires notice to the borrower when a loan may be assigned, sold, or transferred during the term of the loan. 12 U.S.C. § 2605(a).

Under RESPA, the transferor of the loan servicing, here Defendant Aames, was required to give notice to Plaintiff of the transfer of the loan not less than fifteen days before the effective date of the transfer unless the borrower received a written notice containing all required information at the time the loan was closed. See 12 U.S.C. §§ 2605(b)(2)(A) and (C). The statutory requirements for the notice are found at 12 U.S.C. § 2605(b)(3)(A)-(G).

The summary judgment evidence established that Aames sent Plaintiff a letter on January 18, 2002, informing him that his loan was being assigned, sold or transferred to Countrywide, effective

February 3, 2002.[9] RESPA Regulation X, 24 C.F.R. § 3500.21(d)(2)(C) permits the transferor and the transferee of the loan to combine RESPA notices if the notice is sent not less than fifteen days before the effective date of the loan. The notice contained in Defendants' summary judgment evidence complied in all respects with the § 2605(b) statutory notice requirements for both Aames and Countrywide, if actually sent.

Plaintiff contends that he does not remember receiving this notice. In the usual case, federal courts will presume receipt of a letter sent through the U. S. Postal Service. "Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." Beck v. Somerset Technologies, Inc., 882 F.2d 993, 996 (5th Cir. 1989); See also Burton v. Banta Global Turnkey, Ltd., 170 Fed.Appx. 918, 923 (5th Cir. March 23, 2006)(citing Beck, 882 F.2d at 996).

However, the court may not presume receipt when the affiant claims no personal knowledge of the procedures that placed the letter in the mail. United States v. Wilson, 322 F.3d 353, 362 (5th Cir. 2003). The affidavit of Myra Feliciano authenticates the RESPA notice, but fails to allege that the January 18, 2002, letter

[9] Supplement to Motion for Summary Judgment, Docket Entry No. 66, Exhibit B, "Declaration of Myra Feliciano," p. 2; Exhibit 1, "Notice of Assignment, Sale or Transfer of Servicing Rights."

was sent by U. S. mail at or near the date of the letter or that she had personal knowledge of the procedures in place at the time of the mailing.[10] See Burton, 170 Fed. Appx. at 924. The court cannot presume either mailing or receipt of the letter based on the summary judgment evidence at present.

It is therefore **RECOMMENDED** that Defendants' motion for summary judgment on Plaintiff's RESPA cause of action be **DENIED** at this time. Defendants Aames or Countrywide may supplement the summary judgment record in a timely-filed objection to this memorandum. Because Plaintiff makes no specific allegation against Deutsche Bank which would state a claim under RESPA, it is **RECOMMENDED** that any RESPA claim against Deutsche Bank be **DISMISSED**.

**C. Plaintiff's Contract Claim**

Plaintiff alleges that Defendants breached the loan agreement when Countrywide unilaterally imposed an escrow requirement for homeowner's insurance. Plaintiff claims that when he refused to pay the additional amount into escrow, Countrywide and Deutsche Bank attempted to foreclose on the loan.

Defendants argue in their motion for summary judgment that they are entitled to dismissal of Plaintiff's contract claim because, as the docket sheet reflects that he still lives in the home after the attempted foreclosure, he has suffered no damages as

---

[10] Id.

a result of the allegedly wrongful foreclosure action and cannot maintain a breach of contract claim without damages.

The court agrees that in order to prevail on a breach of contract claim in Texas, a plaintiff must prove (1) a valid contract; (2) that he performed or tendered performance; (3) defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. McLaughlin, Inc. v. Northstar Drilling Techs. Inc., 138 S.W.3d 24, 27 (Tex. App. - San Antonio 2004, no pet.); Valero Mktg. & Supp. Co. v. Kalama Int'l, 51 S.W.3d 345, 351 (Tex. App. - Houston [1st Dist.] 2001, no pet.).

Although Plaintiff remains in his home, he claims as damages attorneys fees incurred in the foreclosure action and loss of good credit as a result of the alleged breach of contract. This is sufficient, at this time, to survive Defendants' motion to dismiss.[11] However, the court finds that Plaintiff has not sufficiently alleged a breach of contract claim against Aames or Deutsche Bank because his allegations of breach arise from Countrywide's requirement of an escrow account. It is **RECOMMENDED** that Plaintiff's contract claims against Aames and Duetsche Bank be **DISMISSED.**

**D. Plaintiff's Claim under the Texas Constitution**

Plaintiff also claims that Defendants violated Article XVI,

---

[11] Defendants have not attached any matters outside the pleadings in their request for judgment on this claim. Consequently, the court considers their motion pursuant to Fed. R. Civ. P. 12(b).

Section 50(a)(6)(Q)(10), of the Texas Constitution. That subsection provides, "[T]hat the lender will forfeit all principal and interest if the lender fails to comply with lender's obligations." Plaintiff has failed to allege facts supporting his contention that Defendants have violated Article XVI, Section 50, of the Texas Constitution. Citing no law in support, Plaintiff argues that Defendants' violations of RESPA and the DTPA trigger this forfeiture section.[12]

Defendants have moved for summary judgment, citing Plaintiff's signature on an August 27, 2001, "Notice Concerning Extensions of Credit" which they claim complied with the notice requirements of Article XVI, Section 50(a)(6), of the Texas Constitution. Plaintiff failed to respond directly to this argument and the court can discern no violation of Article XVI, Section 50(a)(6), of the Texas Constitution from the evidence submitted by Plaintiff in response to Defendants' motion.

Therefore, it is **RECOMMENDED** that Plaintiff's claims against all defendants arising under the Texas Constitution be **DISMISSED**.

**E. Plaintiff's Claims under the U. S. Constitution**

Plaintiff alleges that Defendants violated rights protected by

[12] The court notes that forfeiture of principal and interest are not available for a mere breach of the home equity loan agreement. Vincent v. Bank of America, 109 S.W.3d 856, 862 (Tex. App. - Dallas, 2003, review denied, 2004)("[F]orfeiture is only available for violations of constitutionally mandated provisions of the loan documents"). The court can find no case law in support of Plaintiff's theory that a violation of any law triggers the forfeiture provision of Article XVI, Section 50(a)(6), of the Texas Constitution.

the Fourth and Fifth Amendments to the Constitution. Defendants, as private individuals, cannot be held liable for violations of rights protected by the U. S. Constitution. See generally Amer. Mfg. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)(The under-color-of-state-law element of Section 1983 excludes private conduct, no matter how discriminatory or wrongful); Richard v. Hoechst Celanese Chem. Group, Inc., 355 F.3d 345, 352 (5th Cir. 2003)(The party charged with depriving a plaintiff of federal rights must fairly be described as a state actor).

Plaintiff has failed to allege any facts which raise a colorable claim under the U. S. Constitution against any defendant. His Fourth and Fifth Amendment causes of action must be **DISMISSED.**

**F. Plaintiff's Defamation Claim**

Plaintiff alleges that he was defamed when he was denied credit from New Century Mortgage Corporation on January 8, 2004, due to the pending foreclosure action on his residence. See Plaintiff's Amended Complaint, Docket Entry No. 23, ¶ 14. He also claims that he was damaged when he was unable to purchase a surety bond on March 15, 2005, due to derogatory information reported by Defendants to a consumer reporting agency. See Plaintiff's Amended Complaint, Docket Entry No. 23, ¶ 16. These allegations were first made in Plaintiff's Amended Complaint, Docket Entry No. 23, filed December 2, 2005.

Defendants move for summary judgment on these claims on the

ground that they are time barred under the Texas statute of limitations for defamation. Defendants argue that, because Plaintiff admits that he learned of the derogatory credit information around January 8, 2004, when he received the letter from New Century Mortgage Corporation, he was required to file suit within one year of learning about the derogatory information. See Tex. Civ. Prac. & Rem. Code, § 16.002(a).

Generally, a cause of action for defamation accrues on the date the defamatory information is first published. Langston v. Eagle Pub. Co., 710 S.W.2d 612, 615 (Tex. App. - Waco 1986, writ ref'd n.r.e.). Texas courts have applied the discovery rule to defamation actions; consequently, the statute of limitations does not run until a person learns of, or in the exercise of reasonable diligence should have learned of, the injury or the wrong giving rise to the cause of action. Langston, 719 S.W.2d at 615, citing Kelley v. Riddle, 532 S.W.2d 947, 949 (Tex. 1976).

The court agrees that Plaintiff's claim for defamation is time barred based on the admissions made in Plaintiff's Amended Complaint, and **RECOMMENDS** that it be **DISMISSED**.[13]

**G. Plaintiff's RICO Claim**

In other pleadings, Plaintiff has generally alleged that

[13] At a hearing on June 8, 2006, Plaintiff very clearly informed the court that he was asserting a claim for state law defamation. If the court has misinterpreted Plaintiff's claim, he may clarify his theory of recovery in a timely-filed objection to this Memorandum and Recommendation.

Defendants have violated the RICO statute. 18 U.S.C. § 1961, et seq. RICO creates a civil cause of action for a person who is injured in his business or property by reason of a violation of 18 U.S.C. § 1962. 18 U.S.C. 1964(c); see also Beck v. Prupis, 529 U.S. 494 (2000); St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425 (5th Cir. 2000).

To state a RICO claim under 18 U.S.C. § 1962, a plaintiff must show: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. St. Paul Mercury, 224 F.3d at 439 (quoting Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 242 (5th Cir. 1988)). A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity. St. Paul Mercury, 224 F.3d at 441.

Here, Plaintiff has failed to allege any facts which would support such a claim of racketeering activity. Plaintiff has not expressly raised a RICO claim in his amended complaint, and it is clear that the facts would not permit the maintenance of such a claim. Assuming that Plaintiff intended to raise a RICO cause of action based on his discussions of the statute in various pleadings, it is **RECOMMENDED** that it be **DISMISSED**.

**H. Plaintiff's DTPA Allegations**

In other pleadings, Plaintiff has alleged that Defendants

violated the DTPA, Tex. Bus. & Com Code Ann. § 17.41, et seq., which protects Texas consumers against false, misleading, and deceptive business practices. Defendants have moved to dismiss this claim on the grounds that Plaintiff does not qualify as a "consumer" under the statute.

To qualify as a consumer, the plaintiff must (1) seek or acquire goods or services and (2) the goods or services purchased or leased must form the basis of the complaint. Sherman Simon Enters., Inc. v. Lorac Serv. Corp., 724 S.W.2d 13, 14 (Tex. 1987). Whether a plaintiff is a consumer under the DTPA is a question of law. Holland Mortgage & Inv. Corp. v. Bone, 751 S.W.2d 515, 517 (Tex. App. - Houston [1st Dist.] 1987, writ ref'd n.r.e.).

In evaluating whether Plaintiff is a consumer, the court must look to the object of the transaction. Tex. Bus. & Com. Code Ann. § 17.45; La Sara Grain Co. v. First Nat'l Bank, 673 S.W.2d 558, 567 (Tex. 1984). In La Sara Grain Company, the Texas Supreme Court held that a lender may be subject to a DTPA claim if the borrower's "objective" was the purchase or lease of a good or service. 673 S.W.2d at 567. However, a person whose objective is merely to borrow money is not a consumer because the lending of money does not involve either the purchase or lease of a good or service. Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 173 (Tex. 1980).

In the present case, it is undisputed that Plaintiff's claims arise out of loan and did not involve the purchase or lease of

either goods or services. Therefore, Plaintiff is not a "consumer" with respect to this home equity loan. Plaintiff has not expressly raised a DTPA claim in his amended complaint and it is clear that the facts would not permit the maintenance of such a claim. Assuming that Plaintiff intended to bring a DTPA cause of action based on his discussions of the statute in his pleadings, it is **RECOMMENDED** that it be **DISMISSED**.

## V. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant Riddle's Motion for Summary Judgment (Docket Entry No. 34) be **GRANTED**, that Riddle be **DISMISSED** as a party from this suit, that Plaintiff's Motion for Default Judgment (Docket Entry No. 41) be **DENIED**, that Plaintiff's claims against Michael Vestal be **DISMISSED** for want of prosecution, that Defendants' motions for dismissal and/or summary judgment on Plaintiff's claims for violations of the Texas Constitution, the U.S. Constitution, RICO, state law defamation, and DTPA be **GRANTED**, that Plaintiff's RESPA and contract claims against Deutsche Bank be **DISMISSED**, that Plaintiff's contract claims against Aames be **DISMISSED**, and that Defendants' motions for dismissal and/or summary judgment on Plaintiff's RESPA and against Aames and Countrywide and contract claim against Countrywide be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the

receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, either electronically or by mail to P.O. Box 61010, Houston, Texas, 77208. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 25th day of August, 2006.

Nancy K. Johnson
United States Magistrate Judge