UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELTON R. MODELIST, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-1180 |
| | § | |
| MICHAEL VESTAL, A/K/A DEUTSCHE | § | |
| BANK NATIONAL TRUST COMPANY, ET AL, | § | |
| *Defendants.* | § | |

**ORDER ADOPTING IN PART MEMORANDUM AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Memorandum and Recommendation, the Defendants' Limited Objection to the Court's Memorandum and Recommendation and Supplement to Motion for Summary Judgment, and Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment and is of the opinion that said Memorandum and Recommendation should be adopted except in one particular.

In the Memorandum and Recommendation, the magistrate judge recommended that Defendant Michael Riddle's Motion for Summary Judgment be granted, that Plaintiff's Motion for Default Judgment be denied, and that Defendants Aames Funding Corporation, Countrywide Home Loans, and Deutsche Bank National Trust Company and Duetsche Bank Trust Company's motions for dismissal and/or for summary judgment be granted as to Plaintiff's claims under the Texas Constitution, the United States Constitution, the Racketeer Influenced and Corrupt Organizations ("RICO") statute, the Texas Deceptive Trade Practices Act, and state defamation law and be denied as to Plaintiff's breach of contract claim.  The court agrees and **ADOPTS** the Memorandum and Recommendation in these respects.

The magistrate judge also recommended that Defendants' motion for summary judgment on Plaintiff's claim brought under the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2605, be denied because the summary judgment evidence failed to establish that the required notice was sent to Plaintiff by U.S. mail, which would allow the presumption of delivery. See Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989). The magistrate judge found that the notice complied in all respects with Section 2605(b)'s notice requirements, if it had actually been sent.

In their limited objection, Defendants have supplemented the summary judgment evidence with the Declaration of Myra Feliciano.[1] Feliciano avers that it was the practice of Aames Funding Corporation to send the required RESPA notice at least fifteen days in advance of the assignment or transfer of a loan and that these notices were mailed on the date that appeared on the notice. Plaintiff has made no response to this supplemental declaration.

The court finds that this additional evidence is sufficient to establish that Defendant Aames timely sent the required RESPA notice to Plaintiff and to presume receipt thereof. Defendants' motion for summary judgment on Plaintiff's RESPA claim is **GRANTED**.

In connection with his response to the Memorandum and Recommendation, Plaintiff has moved for leave to file an amended complaint.[2] The court finds it appropriate to consider this motion in relation to its de novo review of the Memorandum and Recommendation.

In S & W Enters., L.L.C. v. SouthTrust Bank of Ala., 315 F.3d 533, 536 (5th Cir. 2003), the court held that Fed. R. Civ. P. 16(b) governs amendment of the pleadings after the expiration of a

---

[1] See Defendants' Limited Objection to the Court's Memorandum and Recommendation and Supplement to Motion for Summary Judgment, Docket Entry No. 78, Ex. B, Declaration of Myra Feliciano.

[2] See Docket Entry No. 81.

scheduling order deadline. The court set out four factors to be considered: 1) the explanation for the failure timely to move for leave to amend; 2) the importance of the amendment; 3) the potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice. Id., at 536, (citing Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)). A court also may deny leave to amend where the proposed amendment is frivolous or futile. Martin Herend Imps., Inc. v. Diamond & Gem Trading United States of America Co., 195 F.3d 765, 771 (5th Cir. 1999).

This case was removed to federal court almost eighteen months ago. In the present case, Plaintiff has been given several opportunities to amend his complaint.[3] Plaintiff filed the present motion for leave to amend six months after discovery ended and four weeks after the magistrate judge entered recommendations on Defendants' dispositive motions. Plaintiff failed to explain why he failed to file for leave to amend before either of these critical dates.

The court has reviewed the proposed amended complaint, which restates his earlier claims of violations of the Texas Constitution,[4] RESPA,[5] DTPA,[6] and state defamation law,[7] and finds that amendment of the complaint on these causes of action would not overcome the legal deficiencies found by the magistrate judge in the Memorandum and Recommendation herein adopted by this court.

---

[3]  See Docket Entry Nos. 17 and 29 (orders granting Plaintiff's motions for leave to amend his complaint).

[4]  Plaintiff's Amended Complaint and Declaratory Judgment, Docket Entry No. 82, p. 9, Count 3.

[5]  Id. at Count 2.

[6]  Id. at Count 4.

[7]  Id. at Count 5.

Plaintiff's amended complaint also seeks a default judgment against Michael Riddle and seeks to hold Riddle liable under Article 16 of the Texas Constitution.[8] Assertion of these claims also has been resolved by the magistrate judge's Memorandum and Recommendation and the court's adoption of that recommendation.

Finally, Plaintiff seeks leave to add fraud and intentional infliction of emotional distress claims against all defendants. Because it is based on events occurring in 2002-2003, the intentional infliction of emotional distress claim is clearly time-barred under Tex. Civ. Prac. & Rem. Code § 16.003, which provides for a two-year limitations period. <u>Bhalli v. Methodist Hosp.</u>, 896 S.W.2d 207, 211 (Tex. App. - Houston [1st Dist.] 1995, writ denied).

While it may be arguable whether Plaintiff's fraud claim is time-barred or subject to dismissal for its failure to plead fraud with particularity under Fed. R. Civ. P. 9(b), making amendment of the complaint futile, the court finds that this proposed amendment is simply too late.

Defendants clearly would be prejudiced by an amendment which would substantially broaden the allegations in this action after discovery had closed. Even if the court were to assume that the amendment were important, satisfying the second prong of the analysis, the first and third prongs militate against amendment at this late date. The court does not have to allow an untimely amendment simply because prejudice to the Defendants could be cured by a continuance. See <u>Hamburger v. State Farm Automobile Ins. Co.</u>, 361 F.3d 875, 884 (5th Cir. 2004).

---

[8] <u>Id.</u> at Counts 6 and 7.

Plaintiff's motion for leave to amend these claims is **DENIED**.

Signed at Houston, Texas on September 26, 2006.

---

Gray H. Miller
United States District Judge