# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| SHELTON R. MODELIST, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-1180 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST CO., *et al.*, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Before the court are three motions filed by plaintiff Shelton R. Modelist: (1) a motion to continue and for leave to file a judicial complaint (Dkt. 89); (2) a motion to strike the defendants' supplement to their summary judgment motion (Dkt. 91); and (3) a motion to alter/amend/vacate the court's summary judgment ruling (Dkt. 92).

## 1.      Plaintiff's Motion to Continue and for Leave to File Judicial Complaint

As the court understands Modelist's motion, he seeks a continuance of this action while he pursues a complaint with the Federal Bureau of Investigation concerning certain "deceptive practices" in this action involving the U.S. Mail that he considers mail fraud, as well as actions of the U.S. Magistrate Judge that he characterizes as suspicious.

This motion is DENIED.  If Modelist objects to rulings in this action, he must pursue his remedies in this action.  The court will not delay this action pending a resolution of his complaint to the F.B.I.

2.     **Modelist's Motion to Strike and Motion to Alter/Amend/Vacate Summary Judgment Ruling**

Modelist complains that the court improperly relied on fabricated evidence when it granted the defendants' motion for summary judgment on Modelist's claim brought under the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601, *et seq*.  Under RESPA, the transferor of the loan servicing, here defendant Aames, was required to give notice to Modelist of the transfer of the loan not less than fifteen days before the effective date of the transfer unless the borrower received a written notice containing all required information at the time the loan was closed.  12 U.S.C. § 2605(b)(2)(A) and (C).

Modelist alleges that the January 18, 2002, loan transfer notice was a fabricated document because: (1) the notice stated that the effective date of the transfer of the loan, and the last date on which Aames would accept payment, was February 3, 2002, when the due date of the loan was the first of every month; (2) the Aames reference number for his loan was 0488119 and Countrywide referred to the loan using a different loan number, 000044328; and (3) Aames previously admitted in an interrogatory answer that the loan was transferred on or about September 25, 2001.

Modelist's first two complaints do not undermine the court's dismissal of his RESPA claim.  His third complaint, that defendant Aames's answer to the interrogatory is inconsistent with its summary judgment evidence, calls into question the actual date of the loan transfer, and in so doing, the timeliness of the RESPA notice.

Defendant Aames is therefore ORDERED to clarify the date of the transfer of Modelist's loan within ten days from receipt of this order.  If Modelist wishes to depose a representative of Aames on this issue, the deposition must be completed within thirty days from receipt of this order.

Modelist's motion to strike and motion to alter/amend/vacate the summary judgment ruling are taken under advisement until after these actions are completed.

      Signed on October 23, 2006, at Houston, Texas.

                                      Gray H. Miller
                         United States District Judge